14-2637-cv
*Owens v. Textron Fin. Corp.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            CHESTER J. STRAUB,
                    *Circuit Judges*,
            LORNA G. SCHOFIELD,[*]
                    *District Judge.*

---

FRANK OWENS,

    *Plaintiff-Appellant*,

        v.                                                    No. 14-2637-cv

TEXTRON FINANCIAL CORPORATION,

    *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          MORTON I. BAUM, Monticello, NY.

**FOR DEFENDANT-APPELLEE:**          MITCHELL A. KARLAN (Gabriel Gillett, *on the brief*), Gibson, Dunn & Crutcher LLP, New York, NY.

---

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Frank Owens appeals from the District Court's July 15, 2014 judgment dismissing his amended complaint concerning the loss of his investment in Gaffken & Barriger Fund, LLC, a real-estate investment fund. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly dismissed plaintiff's amended complaint, substantially for the reasons stated in its thorough and well-reasoned July 14, 2014 decision—namely, plaintiff has failed to explicitly identify any legal claims aside from a vague reference to "New York public policy." To the extent plaintiff's claim is premised on fraud, plaintiff has failed to plead such a claim with particularity. *See* Fed. R. Civ. P. 9(b).

We have considered all of the arguments raised by plaintiff on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's July 15, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2